IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY ROSENBERGER, AARON WOOLFSON, IVANA WOOLFSON, and NICHOLAS AUSTIN, on behalf of themselves and all those similarly situated,<br><br>*Plaintiffs,*<br>v.<br><br>UNITED AIRLINES HOLDINGS, INC. and UNITED AIRLINES, INC.,<br><br>*Defendants.* | Case No. 1:20-cv-00756-SO<br><br>Hon. Solomon Oliver, Jr.<br><br>CLASS ACTION<br>JURY TRIAL REQUESTED |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO TRANSFER THIS CASE TO THE NORTHERN DISTRICT OF ILLINOIS

Defendants United Airlines, Inc. and United Airlines Holdings, Inc. (collectively, "United"), by their undersigned attorneys, hereby submit this brief in support of their motion to transfer this case to the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1406(a) or, in the alternative, pursuant to 28 U.S.C. § 1404(a). As set forth below, venue is not properly laid in this district, and the interests of justice support transfer of this action to the Northern District of Illinois, Eastern Division, where two related cases seeking certification of overlapping nationwide classes are already pending.

## STATEMENT OF FACTS

United is currently defending three putative class action lawsuits alleging that United has failed to issue refunds to customers for flights cancelled due to the COVID-19 pandemic. The first of these cases, *Rudolph v. United Continental Holdings, Inc.*, Case No. 20-cv-02142, was filed on April 6, 2020 and is currently pending in the Northern District of Illinois, where United is

headquartered. (A copy of the *Rudolph* Complaint is attached hereto as Exhibit 1.) The *Rudolph* plaintiff seeks to represent a class defined as:

> All persons in the United States that purchased tickets for travel on United Airlines flights scheduled to operate to, from, or within the United States from March 1, 2020 to the present and who sought a refund and were refused or who seek a refund in the future.

Rudolph Compl. ¶ 50.

The second lawsuit, *Compo v. United Continental Holdings, Inc.*, Case No. 20-cv-02166, was also filed in the Northern District of Illinois on April 6, 2020. (A copy of the *Compo* Complaint is attached hereto as Exhibit 2.) The *Compo* plaintiff seeks to represent a class defined as:

> All persons in the United States who purchased airline tickets through United Airlines, or for flights on United Airlines, to, from or within the States, and sought to cancel their flights, or had their flights cancelled, on or after February 29, 2020.

Compo Compl. ¶ 45.

The third lawsuit is the instant action, which was filed on April 7, 2020 with three named plaintiffs: Pamela Utley, Andrea Utley, and Alexandra Schrock. *See* ECF No. 1. On May 4, 2020, before United had been served with that original Complaint, plaintiffs' counsel filed an Amended Complaint asserting claims on behalf of four different named plaintiffs: Timothy Rosenberger, Aaron Woolfson, Ivana Woolfson and Nicholas Austin. *See* ECF No. 3. Notably, the Amended Complaint alleges that the Woolfsons are California residents, and that they purchased tickets from United for travel between California and the Czech Republic. *Id.* ¶¶ 3-4. All four Plaintiffs in the instant case seek to represent a putative nationwide class defined as:

> All persons and entities who purchased airline tickets from United or its affiliates between September 1, 2019 to the present, and whose flights were cancelled either voluntarily, or involuntarily by United or incurred significant delays due to the inability to travel domestically, internationally, or both as a result of the COVID-19 pandemic, and who sought and/or are owed a full refund.

*Id.* ¶ 66. In addition, Plaintiffs Rosenberger and Austin purport to represent a subclass of "Ohio consumers," while the Woolfsons purport to represent a subclass of "California consumers." *Id.* ¶¶ 67-68. United accepted service of the Amended Complaint, through its counsel, on May 5, 2020. *See* ECF No. 4.

The Amended Complaint in the instant case purports to assert claims for breach of contract, violation of the Ohio Consumer Sales Practices Act, injunctive relief, and violation of California Business and Professions Code Section 17200. *Id.* The *Rudolph* Complaint purports to assert claims for violation of state consumer protection laws, unjust enrichment, conversion, and fraudulent misrepresentation. *See* Ex. 1. The *Compo* Complaint purports to assert claims under the Illinois and Vermont consumer protection laws, a claim for unjust enrichment, and a claim for common law fraud. *See* Ex. 2.

On May 5, 2020, the judge presiding over the *Rudolph* case (Judge Durkin) entered an order finding the *Compo* to be related to the *Rudolph* case, and requesting that the Executive Committee of the Northern District of Illinois reassign the *Compo* case to his docket. *See* Order attached as Exhibit 3. The Executive Committee reassigned the *Compo* case to Judge Durkin that same day. *Id.*

## ARGUMENT

**I.    THIS CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. § 1406(a).**

28 U.S.C. § 1406(a) provides that, where a case has been filed laying venue in the wrong district, the district court of that district must either dismiss the case or, "if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." Plaintiffs here have brought their lawsuit in the wrong district. Under the general venue statute, 28 U.S.C. § 1391, venue is not proper in this district. Venue is, however, proper in the Northern District of Illinois,

3

where there are already two similar cases against United pending. This case should accordingly be transferred to the Northern District of Illinois, Eastern Division "in the interest of justice." *See, e.g.*, *Delta Media Grp., Inc. v. Kee Grp., Inc.*, No. 07CV01597, 2007 WL 3232432 at *6-7 (N.D. Ohio Oct. 31, 2007) (transferring case pursuant to 28 U.S.C. § 1406(a) "in the interest of justice").

### A. <u>Venue is Improper in This District</u>

The general venue statue, 28 U.S.C. § 1391, governs whether venue is properly laid in this district in this case. 28 U.S.C. § 1391(a) (stating that, except as otherwise provided by law, "this section shall govern the venue of all civil actions brought in district courts of the United States"). Section 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Venue must be proper "*for each claim* . . . in order for the court to retain the action." *Pioneer Surgical Tech., Inc. v. Vikingcraft Spine, Inc.*, No. 09-CV-271, 2010 WL 2925970, at *2 (W.D. Mich. July 21, 2010) (emphasis added, internal quotation marks omitted); *see also Alter v. Schafer*, No. 16-cv-785, 2017 WL 4168352 (S.D. Ohio Sept. 20, 2017) (same).

#### 1. **Venue Is Not Proper Under Section 1391(b)(2).**

Plaintiffs appear to assert venue in this district based on Section 1391(b)(2). Specifically, Plaintiffs allege that venue is proper "because Defendant conducts business throughout this District, and a substantial part of the events or omissions giving rise to Plaintiffs' claims took place within this District." ECF No. 3 ¶ 10.

4

There is no connection, however, between the claims asserted by the Woolfson Plaintiffs and this district. The Woolfsons allege that they are residents of California (not Ohio) who purchased tickets from United (a Delaware corporation with its principal place of business in Illinois) for travel between California and the Czech Republic. *Id.* ¶¶ 3-4, 6, 35-36. They further allege that on or about March 16, 2020, "the Government of the Czech Republic announced that non-citizens were restricted for entry into the Czech Republic," that on April 10, 2020, "Woolfson demanded a full refund" from United, and that on April 22, 2020, "United refused to fully refund Woolfson." *Id.* ¶¶ 37-39. None of these events is alleged to have occurred in or have any connection to this district. As a result, venue is not proper for the claims of the Woolfson Plaintiffs under Section 1391(b)(2).

### 2. Venue Is Not Proper Under Section 1391(b)(1).

Venue is also not proper under Section 1391(b)(1), which allows venue to be laid in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Section 1391(c) provides that, for venue purposes, a corporate defendant resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c). Because United is not subject to this Court's personal jurisdiction with respect to the claims asserted by the Woolfsons, venue is not proper for those claims under Section 1391(b)(1).

"A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law—and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution." *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (internal quotation marks omitted). If jurisdiction is not proper under the Due Process Clause, "it is unnecessary to analyze jurisdiction under the state long-arm statute, and vice-versa." *Id.* at 711-12. In this case, it is

5

unnecessary to analyze jurisdiction under Ohio law because it is clear that jurisdiction over United with respect to the Woolfsons' claims is not "compatible with the due process requirements of the United States Constitution."

To satisfy due process, a defendant must have sufficient "minimum contact[s]" with the forum state such that the maintenance of the suit "does not 'offend traditional notions of fair play and substantial justice.'" *Id*. at 712 (brackets in original) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-17 (1945)). Personal jurisdiction can exist in one of two forms: specific jurisdiction or general jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1779-80 (2017); *Conn*, 667 F.3d at 712-13. General jurisdiction applies where the defendant's contacts with the forum are "continuous and systematic" but are not related to the plaintiff's cause of action. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). A court has general jurisdiction over a corporate defendant only where that defendant is "at home"— that is, in the state or states where it is incorporated and/or has its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19 (2014); *see also Malone v. Stanley Black & Decker, Inc.*, 393 F. Supp. 3d 721, 724 (N.D. Ohio 2019) (recognizing that "only in exceptional cases" will a defendant be considered "at home" in a forum state in which it is not incorporated nor has its principal place of business). As alleged in the Amended Complaint, United is incorporated in Delaware and has its principal place of business in Illinois. ECF No. 3 ¶ 6; *see also Khouri v. United Airlines, Inc.*, 32 F. App'x 318, 319 (9th Cir. 2002). Therefore, United is subject to general jurisdiction only in Delaware and Illinois, not Ohio.

Specific jurisdiction, on the other hand, requires that the suit itself "arise out of or relate to the defendant's contacts with the *forum*." *Bristol-Myers*, 137 S. Ct. at 1780 (emphasis in original). As the Supreme Court explained in *Bristol-Myers*, "there must be 'an affiliation between the forum

and the underlying controversy, principally, [an] activity or an occurrence that takes place within the forum State and is therefore subject to the State's regulation.'" *Id.* (brackets in original) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011)). This requirement is plainly not met with regard to the Woolfsons. The Woolfsons are residents of California who purchased tickets from United, located in Illinois, for travel between California and the Czech Republic. There are no allegations connecting the Woolfsons' claims to this forum in any way.

Because the claims asserted by the Woolfsons do not have a sufficient connection to this forum to meet the constitutional requirements of due process, the Court does not have personal jurisdiction over United to adjudicate those claims. As a result, venue is not proper in this district under Section 1391(b)(1).

### 3.  Venue Is Not Proper Under Section 1391(b)(3).

Finally, venue is not proper here under Section 1391(b)(3). As the Supreme Court has explained, that subsection "provides a fallback option" to the first two paragraphs of Section 1391(b). *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56-57 (2013). "*If no other venue is proper*, then venue will lie in 'any judicial district in which any defendant is subject to the court's personal jurisdiction.'" *Id.* (quoting 28 U.S.C. § 1391(b)(3)) (emphasis added, original emphasis omitted). In this case, there clearly *is* a district in which venue would be proper "for each claim and as to each defendant," *Pioneer Surgical Tech.*, 2010 WL 2925970, at *2: the Northern District of Illinois. Because venue under Section 1391(b)(1) is proper in the Northern District of Illinois, venue cannot be laid in this district under the "fallback option" of Section 1391(b)(3). *See, e.g.*, *Joe Solo Prods. Inc. v. Dawson*, No. 1:09 CV 555, 2009 WL 2232856, at *7 (N.D. Ohio July 23, 2009) ("Because the action 'may otherwise be brought' in California, the Court finds that § 1391(b)(3) does not apply.").

### B.     This Case Should be Transferred to the Northern District of Illinois.

Because venue in this district is improper under Section 1391(b), "the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Const. Co.*, 571 U.S. at 56. As courts in this district repeatedly have recognized, "the interest of justice generally is better served by transfer" than by dismissal. *Delta Media Grp.*, 2007 WL 3232432, at *6; *see also Alter*, 2017 WL 4168352, at *4 ("In light of the Court's preference for deciding cases on the merits, the Court finds that the interests of justice favor transfer rather than dismissal."); *Krawec v. Allegany Co-op Ins. Co.*, No. 08–CV–2124, 2009 WL 1974413, at *3 (N.D. Ohio July 7, 2009) (stating that "'[d]oubts about whether to transfer or dismiss are usually resolved in favor of transfer because the interest of justice generally is better served by transfer.'") (quoting *Delta Media Grp.*, 2007 WL 3232432, at *6); *Joe Solo Prods.*, 2009 WL 2232856, at *7 (same).

The interest of justice plainly supports transfer of this case to the Northern District of Illinois. There are already two cases pending in that district that assert similar claims against United relating to COVID-19 flight cancellations and refunds. Indeed, as previously noted, the *Compo* case has been reassigned to the judge presiding over *Rudolph* as a related case. In addition, the plaintiffs in all three cases seek to represent overlapping classes of persons who claim to be entitled to refunds for United flights canceled as a result of the COVID-19 pandemic. In particular, Plaintiffs here seek to represent a putative nationwide class defined as:

> All persons and entities **who purchased airline tickets from United or its affiliates** between September 1, 2019 to the present, **and whose flights were cancelled** either voluntarily, or involuntarily by United or incurred significant delays due to the inability to travel domestically, internationally, or both as a result of the COVID-19 pandemic, **and who sought and/or are owed a full refund**.

ECF No. 3 ¶ 66 (boldface type added). The *Rudolph* plaintiff likewise seeks to represent a nationwide class, defined as:

> All persons in the United States **that purchased tickets for travel on United Airlines flights** scheduled to operate to, from, or within the United States from March 1, 2020 to the present **and who sought a refund and were refused or who seek a refund in the future**.

Rudolph Compl. ¶ 50 (boldface type added). And the *Compo* plaintiff seeks to represent a nationwide class, defined as:

> All persons in the United States **who purchased airline tickets through United Airlines, or for flights on United Airlines**, to, from or within the States, **and sought to cancel their flights, or had their flights cancelled**, on or after February 29, 2020.

Compo Compl. ¶ 45 (boldface type added).

Federal courts considering motions to transfer a case under 28 U.S.C. § 1404(a) consistently recognize that "the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy." *Wald v. Bank of America Corp.*, 856 F. Supp. 2d 545, 550 (E.D.N.Y. 2012) (internal quotation marks omitted); *see also Donia v. Sears Holding Corp.*, No. 07-CV-2627, 2008 WL 2323533, at *4 n.2 (N.D. Ohio May 30, 2008) (noting that the "pendency of a similar action in the transferee court is a universally recognized reason for granting a change of venue"); *Lexington v. Cheek & Zeehandelar, LLP*, No. 06cv2029, 2007 WL 593560, at *2 (N.D. Ohio Feb. 21, 2007) (granting motion to transfer where denial of the motion "would result in two separate actions going forward in which plaintiffs seek to certify a similar statewide class against the same defendants alleging violation of the same statutes for similar conduct"). The same analysis supports transfer of this case to the Northern District of Illinois under Section 1406(a).

9

## II. ALTERNATIVELY, THIS CASE SHOULD BE TRANSFERRED TO THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO 28 U.S.C. § 1404(a).

If the Court determines that venue *is* proper in this district (or that venue is proper as to some of the claims), it should still transfer this case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a).[1] Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Section 1404(a) gives the district court the discretion to "adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)); *Campbell Soup Supply Co., LLC v. Direct Contact, LLC*, No. 18-cv-942, 2018 WL 6248531, at *3 (N.D. Ohio Nov. 29, 2018) ("A district court has broad discretion to grant or deny a motion to transfer a case.") (internal quotation marks and brackets omitted). District courts decide Section 1404(a) motions to transfer venue using a two-step analysis. *Donohoe v. Corpak Medsystems, Inc.*, No. 17CV443, 2017 WL 1628424, at *1 (N.D. Ohio Apr. 28, 2017). First, the court must determine whether the case "might have been brought" in the transferee court. *Campbell Soup Supply Co., LLC*, 2018 WL 6248531, at *3. As discussed above, there is no question that this case could have been brought in the Northern District of Illinois, where United is headquartered.

Second, the court must determine "whether, on balance, transfer serves the convenience of the parties and the interests of justice." *Donia*, 2008 WL 2323533, at *2. In making this determination, courts evaluate a variety of other factors, "including case-specific facts such as the convenience of the parties and witnesses, the relative ease of access to proof, . . . and public-

---

[1] *See, e.g., Krawec*, 2009 WL 1974413, at *6 (transferring claims against one defendant under Section 1406(a) and against other defendants under Section 1404(a)).

interest factors such as the relative burdens of the courts and local interest in the dispute." *Id.* Courts consistently recognize that "the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy." *Wald*, 856 F. Supp. 2d at 550 (internal quotation marks omitted); *see also Donia*, 2008 WL 2323533, at *4 n.2 (noting that the pendency of a similar action in the transferee court is a universally recognized reason for granting a change of venue).

In this case, the convenience of the parties and witnesses, and the relative ease of access to proof, favor transfer. The Northern District of Illinois, where United has its headquarters, is certainly more convenient than this district for United and its potential witnesses, and it is no less convenient than this district for the California-based Woolfsons. Indeed, the Northern District of Illinois is arguably *more* convenient for the Woolfsons, as there are significantly more flights from San Francisco airport, approximately 37 miles from the Woolfsons' home, to Chicago than there are to Cleveland.[2] There are also daily flights from Oakland airport, located approximately 27 miles from the Woolfsons' home, to Chicago, but none from Oakland airport to Cleveland.[3]

Moreover, the importance of the plaintiff's choice of forum is "diminished where the plaintiff has intentionally broadened the geographic scope of the action by seeking to certify a class." *Donia*, 2008 WL 2323533, at *4. While "the inconvenience of litigating in Illinois" may be a burden on a putative class representative who resides in the plaintiff's chosen forum, that burden is outweighed by the inconvenience of that forum for other parties and witnesses,

---

[2] *Compare* https://www.flightsfrom.com/SFO-ORD?sdate=2020-05-18 *with* https://www.flightsfrom.com/SFO-CLE?sdate=2020-05-18.

[3] *Compare* https://www.flightsfrom.com/OAK-ORD?sdate=2020-05-18 and https://www.flightsfrom.com/OAK-MDW?sdate=2020-05-18 *with* https://www.flightsfrom.com/OAK/destinations# (listing all destinations serviced from Oakland International Airport; Cleveland not shown).

"especially given [the plaintiff's] nominal role as the putative class representative." *Id.* at *5. As another federal court correctly observed, where a plaintiff seeks to represent a putative class that potentially includes thousands of members, each of whom could have filed in his or her home district (so long as venue requirements were met), "the fact that *this* plaintiff chose to file this action" in his or her home district "weighs only lightly in the Court's § 1404 calculus." *Wald*, 856 F. Supp. 2d at 549-50 (emphasis in original).

To the extent that relative ease of access to documentary evidence is considered, that factor also favors transfer to the Northern District of Illinois, where United is headquartered and its records are accordingly kept. *See Donohoe*, 2017 WL 1628424, at *2. In *Donohoe*, the court observed that while "[t]he location of documentary evidence is a minor consideration when a court is considering a transfer under § 1404(a), since technological advances in document storage and retrieval make transporting documents less burdensome," where documents "likely to be of central importance" to the dispute were located at the defendant's headquarters, this factor "nevertheless weighs in favor of transfer." *Id.* at *2 (internal quotation marks and citations omitted).

Finally, the pendency in the Northern District of Illinois of two related cases, each of which seeks certification of a nationwide class that overlaps with the class Plaintiffs purport to represent here, strongly favors transfer of this case to that district. *See supra* at 9 and 11. As the court in the *Wald* case observed, consolidation of related cases before a single court serves the interest of judicial economy by allowing a single court to efficiently coordinate discovery, thereby avoiding "duplicate discovery [and] multiplying costs in time and treasure on parties, counsel, and witness alike." 856 F. Supp. 2d at 550. Centralization and coordination of related cases "in a single district and, ideally, before a single judge, will also so a long way to guard against inconsistent factual findings, especially on summary judgment." *Id.* at 551 n.2.

In sum, transfer of this case to the Northern District of Illinois, Eastern Division will, "on balance," "serve[] the convenience of the parties and the interests of justice." *Donia*, 2008 WL 2323533, at *2. The case should accordingly be transferred pursuant to Section 1404(a).

## CONCLUSION

For the foregoing reasons, United requests that the Court enter an order transferring this action to the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C § 1406(a), or in the alternative, pursuant to Section 1404(a).[4]

Dated: May 14, 2020                              Respectfully submitted,

*s/ Scott Torpey*
Scott Torpey (81561)
**JAFFE RAITT HEUER & WEISS**
27777 Franklin Rd., Suite 2500
Southfield, MI 48034
Phone: 248-351-3000
Fax: 248-351-3082
E-mail: storpey@jaffelaw.com

*Attorney for Defendants United Airlines, Inc. and United Airlines Holdings, Inc.*

## CERTIFICATE OF PAGE LIMITATIONS

In accordance with L.R. 7.1(f), I hereby certify that this action would likely be assigned to the standard or complex track and that this filing complies with the court's page limitations.

*/s/ Scott Torpey*

---

[4] In the event this Court does not transfer this case to the Northern District of Illinois, Eastern Division, United reserves its right to move pursuant to Federal Rule of Civil Procedures 12(b)(2) for dismissal of the Woolfsons' claims for lack of personal jurisdiction.

13